Michael A. West, Esq. Informal Opinion County Attorney No. 95-11 County of Schoharie R. D. # 1, 106M Cobleskill, N Y 12043
Dear Mr. West:
You have asked whether the board of supervisors of a non-charter county may by local law, without a referendum, establish the position of county administrator. You have indicated that the local law would delegate rather than transfer powers of the county board of supervisors to the administrator.
You are concerned with the establishment of a county administrator falls within the provisions of the Alternative County Government Law and would, therefore, be subject to a referendum under section 656(2) of that law.
The so-called Fearon Amendment to the State Constitution, adopted in 1935, was the first step toward the granting of home rule powers to county governments. N Y Const Art III, § 26 (1935) (repealed in 1963). The State Legislature carried out this constitutional amendment by enacting Chapter 862 of the Laws of 1937, the Optional County Government Law. That law authorized counties to adopt one of four specified forms of government. The options provided various forms for county administration. The Optional County Government Law was, for the most part, repealed and superseded by the Alternative County Government Law, which became effective in 1954. Laws of 1952, ch 834. The Alternative County Government Law provided four alternative plans of county government. Like the Optional County Government Law, counties could make only limited variations, depending upon the plan which was adopted. The major differences between the Optional County Government Law and the Alternative County Government Law is that under the latter law counties are given the authority to make various county offices elective or appointive through a vote of the electorate. As you have pointed out, no alternative form of county government may become operative in a county unless approved by the required referendum. Alternative County Government Law § 656(2). You suggest that establishment of a county administrator is an "alternate form of county government" under the Alternative County Government Law, thus subject to referendum.
Current Article IX of the Constitution was adopted in 1963. Section 1(h) of Article IX requires the Legislature to authorize counties to adopt, amend or repeal alternative forms of county government. The Legislature has implemented this provision through the adoption of Article 4 of the Municipal Home Rule Law, which is referred to as the County Chatter Law. Subject to limited restrictions, Article 4 authorizes a county to establish a county charter setting or the structure of county government and the manner in which it is to function. Municipal Home Rule Law §33(1), (2). Within this field, the grant of authority is broad in that neither the Constitution nor the County Charter Law requires that charter laws by consistent with general State laws. The courts have upheld charter laws that are inconsistent with general State law. Smithtown vHowell, 31 N.Y.2d 365 (1972); Heimbach v Mills, 67 A.D.2d 731 (2d Dept 1979). Article IX(1)(h) of the Constitution, which formed the basis for Article 4 of the Municipal Home Rule Law (the County Charter Law) replaced the Fearon Amendment, which was repealed in 1963.
Thus, the first step toward county home rule was the provision by the Legislature of rigid alternative plans of county government. In 1963, with the enactment of Article 4 of the Municipal Home Rule Law, a broad grant of authority was provided to counties to establish the structure of county government and the manner in which it is to function.
In our view, the residual Alternative County Government Law doe snot serve to restrict a county establishing a charter under Article 4 of the Municipal Home Rule Law nor does it restrict a charter or non-charter county acting by local law under Article IX of the Constitution and section 10 of the Municipal Home Rule Law. Counties can look to Article 4 and section 10 of the Municipal Home Rule Law as separategrants of authority. In acting under section 10 or Article 4, the Alternative County Government Law is irrelevant.
May a county enact a local law under section 10 of the Municipal Home Rule Law to establish the office of county administrator and do so without subjecting the local law to approval at a referendum? Authority exists for enactment of the local law. Municipal Home Rule Law § 10(1)(ii)(a)(1). Further, we believe, provided the local law would not abolish, transfer or curtail a power of an elected officer, that it would not be subject to a mandatory referendum. Municipal Home Rule Law § 23(2)(f). (The local law would not be subject to a referendum under the Alterative County Government Law in that the county would not be using that law as its source of authority.)
In a prior opinion, we found that a town may establish the position of town administrator using section 1 of the Municipal Home Rule Law as the source of authority. 1981 Op Atty Gen (Inf) 101. Under section 1(1)(ii)(a)(1), a county, city, town or village may enact a local law relating to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, etc., of its officers and employees. We found that if the local law permits the town administrator to act only with the approval of the town board, there is no transfer of powers. We stated that the town board could approve or disapprove any action proposed by the administrator, thus retaining ultimate decision-making authority. A second possibility is a local law which assigns or delegates but does not transfer administrative powers to a town administrator. We envisioned a local law that would provide for the administrator to perform assigned duties on behalf of the town board and subject to its supervision and control. We suggested that the local law provide for the town board to assign, modify or revoke administrative powers from time to time and require the officer to report periodically to the board. Under these two scenarios, we found that the local law establishing the position of administrator would not be subject to a mandatory referendum in that there would occur no transfer or curtailment of the power of an elective officer. The reasoning of the 1981 opinion would apply to counties, which have the same grant of home rule power. Municipal Home Rule Law §10(1)(ii)(a)(1).
We note that section 10 of the Municipal Home Rule Law also gives a county the authority to crate the office of administrative assistant to the chairman of the board of supervisors and to assign to the administrative assistant, under the general supervision of the chairman, specified administrative functions, powers and duties to be performed on behalf of the board of supervisors with provision for periodic reports to the board. Further, the local law would provide that there could occur no divestment of the functions, powers and duties of the board of supervisors. Municipal Home Rule Law § 10(1)(ii)(b)(4). Also, a county is authorized to enact a local law providing for the assignment to the chairman of the board of supervisors of specified administrative functions, powers and duties on behalf of the board with provision for periodic reports to the board. The local law would also provide that the assignment of administrative functions to the chairman would not divest the board of its functions, powers and duties. Id., § 10(1)(ii)(b)(3).
We view these two delegations of authority as additional options that a county board of supervisors may utilize but not as limitations on the establishment of the position of county administrator under section 10(1)(ii)(a)(1).
The review of local proposals to determine if any duties would transfer powers is beyond the scope of our opinions function. This is the responsibility of local officials, familiar with local conditions and local legislative intent.
We conclude that a county board of supervisors in a non-charter county may by local law establish the position of county administrator. Further, if the local law does not transfer, curtail or abolish the powers of an elective officer, it would not be subject to a mandatory referendum. In that the Municipal Home Rule Law, rather than the Alternative County Government Law, is the source of authority for the enactment, the latter would not require a referendum.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions